**AIR LINE STEWARDS AND STEWARDESSES ASSOCIATION, INTERNATIONAL, an unincorporated labor organization, Plaintiff-Appellant,**

v.

**TRANS WORLD AIRLINES, INC., a corporation, Defendant-Appellee.**

No. 49, Docket 25652.

United States Court of Appeals Second Circuit.

Argued Nov. 30, 1959.

Decided Dec. 14, 1959.

Sturm & Perl, New York City, Leibik & Weyand, Washington, D. C. (Alan F. Perl, New York City, Lee Leibik, Ruth Weyand, Washington, D. C., of counsel), for plaintiff-appellant.

Chadbourne, Parke, Whiteside & Wolff, New York City (Edward R. Neaher, New York City, of counsel), for defendant-appellee.

Before CLARK, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Air Line Stewards and Stewardesses Association International is the certified bargaining representative for the purposes of the Railway Labor Act, as amended,[1] of the flight stewards and hostesses employed by Trans World Airlines, Inc. (TWA). It brought action seeking an injunction against TWA to require it to bargain with the plaintiff with respect to some fifty flight hostesses and stewards, not nationals of the United States or resident here, and who, based abroad, were employed by TWA solely in connection with TWA flights outside the continental United States and its possessions.

TWA admitted all the plaintiff's allegations. The plaintiff moved for judgment on the pleadings. The defendant filed a cross-motion for summary judgment. The district court granted defendant's cross-motion, dismissed the complaint and filed a learned opinion, reported at 173 F.Supp. 369.

As the district court pointed out in the opinion below, it is an accepted canon of construction that the coverage of a federal statute will not extend beyond our national boundaries unless such a legislative intent clearly appears. Foley Bros. Inc. v. Falando, 336 U.S. 281, 69 S.Ct. 575, 93 L.Ed. 680. The statute

---

1. 45 U.S.C. § 151 et seq. 45 U.S.C. § 151 provides: "The term 'carrier' includes any * * * carrier by railroad, subject to the Interstate Commerce Act * * *".

Title II of the Railway Labor Act, approved April 10, 1936, 45 U.S.C. §§ 181-188, extended the coverage of the Act so as to include (with exceptions not of moment here) common carriers by air and their employees. § 181 provides: "All of the provisions of section 151 * * * are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce * * *".

here involved demonstrates no such intent. Indeed, it discloses a contrary one. The Interstate Commerce Act (49 U.S.C. Chapter 1) is limited in its application to common carriers engaged in interstate and foreign transportation "but only insofar as such transportation * * * takes place within the United States" (49 U.S.C. §§ 1(1) (a), 1(2)). The coverage of the Railway Labor Act as amended (see fn. 1), being dependent upon the coverage of the Interstate Commerce Act was therefore held by the National Mediation Board not to extend beyond the United States. This determination was upheld by the Court of Appeals of the District of Columbia. Air Line Dispatchers Association v. National Mediation Board, 1951, 89 U.S.App.D.C. 24, 189 F.2d 685, certiorari denied, 1951, 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641. Plaintiff, being certified for the purposes of the Railway Labor Act, may not represent foreign nationals, foreign-based, exclusively employed in foreign areas. The Eighth Circuit is in agreement. Air Line Stewards and Stewardesses Ass'n International v. Northwest Airlines, 8 Cir., 1959, 267 F.2d 170, certiorari denied, 1959, 80 S.Ct. 208, 4 L.Ed.2d 156.

Affirmed.